| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FIFTH JUDICIAL CIRCUIT |
| Rachael Grimsley,<br>　　　　　　　　　　　Plaintiff, | Case No. |
| vs. | SUMMONS |
| Experian Information Solutions, Inc., Equifax Information Services, LLC, First Associates Loan Servicing, LLC and Access Group, Inc.,<br>　　　　　　　　　　　Defendants. | |

2016 JUL 15 AM 11: 4[?]
JEANNETTE W. MCBRIDE
C.C.P. & G.S.
RICHLAND CO C[?]
FILED

TO:    THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at 5217 N. Trenholm Rd., Ste. B, Columbia, South Carolina 29206, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

By: _____
David A. Maxfield, Esquire
DAVE MAXFIELD, ATTORNEY, LLC
5217 N. Trenholm Rd., Ste. B
Columbia, South Carolina 29206
(803) 509-6800

DATED: July 13, 2016
Columbia, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FIFTH JUDICIAL CIRCUIT |
| Rachael Grimsley,<br><br>     Plaintiff,<br><br>vs.<br><br>Experian Information Solutions, Inc.,<br>Equifax Information Services, LLC,<br>First Associates Loan Servicing, LLC,<br>and Access Group, Inc.,<br><br>     Defendants. | Case No.<br><br>**COMPLAINT**<br><br>(Jury Trial Requested) |

Plaintiff, complaining of the Defendants above-named, would show this Court as follows:

## JURISDICTION

1. The State of Residence of Plaintiff is the State of South Carolina.

2. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Texas.

3. Defendant Equifax Information Services, LLC is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Georgia.

4. The Defendant First Associates Loan Servicing, LLC ("First Associates") is a foreign limited liability company with its principal place of business, "nerve center" and headquarters in the State of California.

5. The Defendant Access Group, Inc., ("Access Group") is a foreign corporation with its principal place of business, "nerve center" and headquarters in the Commonwealth of Pennsylvania.

6. This Court has jurisdiction over the parties and subject matter of this action, and venue is proper based upon the non-residence of the Defendants.

## FACTUAL ALLEGATIONS

7. On or about May 22, 2010, Plaintiff enrolled in the information technology program at ITT Technical College in Columbia South Carolina. Plaintiff graduated from the program with an Associate's Degree.

8. On or about March 31, 2011, without Plaintiff's knowledge or consent, unknown persons believed to be connected with ITT fraudulently applied for and obtained a private PEAKS student loan in Plaintiff's name for the September 1, 2010 – June 1, 2011 school year, in the approximate amount of $11,848.00.

9. The loan application was signed remotely an electronically from an IP address unconnected to Plaintiff.

10. Upon information and belief, other students or former students of ITT were similarly victimized. See, e.g., *Hearn's v. Equifax, et. al.* 3:16-cv-02454 (2016 D.S.C.).

11. ITT has since been sued by the consumer financial protection Bureau over its practice of pressuring students into taking out high-interest high risk loans similar to the Peaks loan at issue here.

12. According to the CFPB's complaint, filed in 2014, individual employees of ITT's financial aid department receive commissions or were otherwise incentivized to make the loans, which directly benefited both them and ITT, to the detriment of the students.

13. Upon information and belief, ITT received or substantially benefited from the proceeds of the above loan.

14. In or around 2014 Plaintiff discovered the existence of the above loan for the first time. Thereafter, she made multiple disputes to Defendants First Associates and/or Access Group, and requests for the loan application and other documents.

15. In or around April of 2015, while Plaintiff was yet awaiting the above information, Defendants Access Group and/or First Associates reported to Equifax that Plaintiff was

delinquent on repayment obligations for the loan which it new Plaintiff disputed ever taking out.

16. On or about December 30, 2015, Plaintiff obtained her credit reports from Defendants Equifax and Experian and learned that both falsely attributed the debt to her: while Experian simply attributed an "Access Group" loan with a $0.00 balance, Defendant Equifax reported $23,938 due to First Associates, over 120 days late.

17. Neither report was true.

18. On or about May 1, 2015, with still no proof of debt from First Associates or Access Group, Plaintiff made detailed, written disputes to both Equifax and Experian with supporting documentation.

19. Upon information and belief, Defendants Access Group and First Associates in the course of the above reinvestigations, received Plaintiff's disputes via the credit reporting agencies, yet failed to conduct a meaningful investigation as required.

20. While Trans Union, another credit reporting agency not a party hereto, deleted the Access Group account from her credit file based on Plaintiff's report of fraud, Defendant Experian allowed same to remain on her file, where it is to this day.

21. Defendant Equifax, in turn, refused to process Plaintiff's dispute on the grounds that (while it had twice provided full credit reports to Plaintiff) it could not now verify her identity.

22. As a direct and proximate result, Defendant Equifax presumably allowed the highly derogatory and fraudulent First Associates account to remain on Plaintiff's file.

23. Upon information and belief, both Defendants Experian and Equifax failed to block the accounts at any time.

## FOR A FIRST CAUSE OF ACTION
## AS TO DEFENDANTS EQUIFAX & EXPERIAN

### (Negligent Noncompliance with FCRA)

24. Plaintiff realleges and incorporates the allegations contained elsewhere to the extent not inconsistent with the allegations of this Cause of Action.

25. Defendants and furnished credit reports on Plaintiff that contained false information.

26. Plaintiff notified Defendants they were reporting false information, disputed that information, and asked Defendants to correct it.

27. Despite those disputes, Defendants continued to report false information.

28. Upon information and belief, Defendants' reporting is false and incorrect.

29. Defendants have negligently violated the FCRA, including but not limited to the requirements in 15 U.S.C. §1681i, §1681c, and §1681e(b). Equifax has additionally violated §1681g.

30. Because of Defendants' failure to comply with the requirements of FCRA, Plaintiff suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

31. Plaintiff requests attorney fees under 15 U.S.C. §1681o(a).

### FOR A SECOND CAUSE OF ACTION
### AS TO DEFENDANT EQUIFAX & EXPERIAN

(Willful Noncompliance with FCRA)

32. Plaintiff realleges and incorporates the allegations contained elsewhere herein to the extent not inconsistent with the allegations of this Cause of Action.

33. Defendants prepared and furnished credit reports on Plaintiff that contain false information.

34. Plaintiff notified Defendants of their reporting of false information, disputed that information, and asked Defendant to correct or block it.

35. Despite those disputes, Defendants continue to report false information, and have failed to block fraudulent information from her file.

36. Defendants willfully violated the requirements of FCRA.

37. Because of Defendants' willful violations of the FCRA, Plaintiff may recover actual, statutory and punitive damages.

38. Plaintiff requests attorney fees under 15 U.S.C. § 1681n(a).

### FOR A THIRD CAUSE OF ACTION
### AS TO DEFENDANTS FIRST ASSOCIATES & ACCESS GROUP

#### (Negligent and Willful Violation of 15 USC 1681s-2(b))

39. The above allegations are repeated and realleged herein as if set forth verbatim, to the extent not inconsistent with the allegations of this cause of action.

40. Defendants are furnishers of information as defined in the Fair Credit Reporting Act, as amended.

41. After being notified by the Plaintiff and the consumer reporting agencies that derogatory information was disputed by the Plaintiff, Defendants failed to conduct timely or proper investigations of the disputed information as required by 15 U.S.C. 1681s-2(b).

42. Thereafter, Defendants negligently and willfully re-reported inaccurate information to the consumer reporting agencies, violating the Fair Credit Reporting Act regarding reinvestigation.

43. Defendants further failed to note in their reporting that the account was "disputed" as required.

44. Defendants, through action and inaction, caused great and irreparable injury to Plaintiff

45. Defendants maliciously and/or with willful intent to injure, defamed Plaintiff and invaded the legitimate expectation of privacy of the Plaintiff.

46. Besides actual or compensatory damages, a judgment should be granted to Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under state law,

and/or for willful violation of the Fair Credit Reporting Act or other applicable federal laws.

### PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate Plaintiff for actual damages, with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

By: _____
David A. Maxfield, Esq., SC Bar No 7163
5217 N. Trenholm Road, Suite B
Columbia, SC 29206
803-509-6800
855-299-1656 (fax)
dave@consumerlawsc.com

July 13, 2016

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF RICHLAND | FIFTH JUDICIAL CIRCUIT |

Rachael Grimsley,

                              Plaintiff,

Vs.

Experian Information Solutions, Inc.,
Equifax Information Services, LLC, First
Associates Loan Servicing, LLC and Access
Group, Inc.,

                              Defendants.

Case No. 2016-CP-40-4288

**CERTIFICATE OF SERVICE**

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that on the 15th day of July, 2016, I served the foregoing **Summons & Complaint**, by sending a copy of same by U.S. Certified Mail, Restricted Delivery, Return Receipt Requested to the following:

Experian Information Solutions, Inc.
c/o CT Corporation System
2 Office Park Court
Columbia, SC 29223 Ste. 103

Equifax Information Services, LLC
c/o Corporation Service Company
1703 Laurel Street
Columbia, SC 29201

First Associates Loan Servicing, LLC
c/o David Johnson
15373 Innovation Dr. Ste. 300
San Diego, CA 92128

Access Group, Inc.
c/o 5500 Brandywine Pkwy.
Wilmington, DE 19803-0430

                                                                                      _Janel Bess_

DATED: July 15, 2016
Columbia, South Carolina